**Jerry D. MASSIE, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA,
et al., Appellees.**

**No. 97–CV–1170.**

District of Columbia Court of Appeals.

Argued Nov. 22, 1999.
Decided Feb. 3, 2000.

Jerry D. Massie, pro se, for appellants.

James C. McKay, Jr., Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellees.

Jeffrey Tuckfelt, Washington, DC, for appellees, Henry T. and Clementine Jacobs.

Before REID and WASHINGTON, Associate Judges, and MACK, Senior Judge.

REID, Associate Judge:

In 1993, this court reviewed a matter "involv[ing] a title dispute between two parties, both of whom claim[ed] their property rights from the sales of the residential property at issue." *Massie v. District of Columbia*, 634 A.2d 1226, 1227 (D.C.1993) (*Massie I*). The matter is once again

before us. In *Massie I,* "we reverse[d] the trial court's order entering summary judgment in favor of the District of Columbia and order[ed] the entry of summary judgment in favor of the Massies." *Id.*

Upon remand, Henry and Clementine Jacobs, who alleged that they had a lien on the property in question, located at 2320 Shannon Place, S.E. in the District of Columbia, intervened and claimed that under *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), they did not receive proper notice of the Massies' tax purchase. They maintained that their rights should not be expunged and that their alleged lien on the Shannon Street property should be recognized. The Jacobs, who became lien holders in 1981 but who apparently did not pay the outstanding taxes in 1988 to redeem the property after proper notice from the District, received a quitclaim deed from the District for the property on March 14, 1994. The trial court declined to consider the issue presented by the Jacobs, as well as the Massies' contention that they were entitled to "judgment which includes fee simple quiet title," the same relief which the trial court originally granted to the District. Despite the arguments of the Massies and the Jacobs, the trial court "interpreted [the] mandate [issued in *Massie I*] narrowly ...." Consequently, the court ordered only that the District issue a tax deed to the Massies for the Shannon Place property, but declined to set aside the District's issuance of the quitclaim deed to the property to the Jacobs, as requested by the Massies.

## ANALYSIS

*Massie I* grew out of the District's complaint against purchasers to whom the Jacobs sold the Shannon Street property and the trustee for the Jacobs who financed part of the purchase price. The complaint sought to remove the cloud on the District's title to the Shannon Street property. As relief, the District requested, *inter alia,* that "[the trial] court enter an order that

the tax deed from the Mayor of the District of Columbia [to the Homestead program], dated December 23, 1988[ ] and recorded on January 3, 1989, vest in the District good and perfect title in fee simple." The trial court granted the relief requested by the District. The Massies appealed but the Jacobs did not.

■ *In Massie I, supra,* we declared that: "The District here seeks to obtain title to property where absent its own delay in issuing the Massies' deed, the District would have no sound basis for a superior claim in the property. This it cannot do." 634 A.2d at 1229 (footnote omitted). In this matter, the Massies maintain that the trial court should have ordered the District to grant them "a tax deed as prima facie evidence of good and perfect title," and that the court should have set aside the District's issuance of the quitclaim deed to the Jacobs. The District recognizes that under D.C.Code § 47–1304(a), a deed issued under the tax sale statute is "prima facie evidence of a good and perfect title in fee simple to any property brought at [such] sale." *See also District of Columbia v. Mayhew,* 601 A.2d 37, 40 (D.C.1991) ("The tax deed once issued is 'prima facie evidence of good and perfect title in fee simple ....' "); *W.C. & A.N. Miller Dev. Co. v. Emig Properties Corp.,* 77 U.S.App. D.C. 205, 208, 134 F.2d 36, 39 (D.C.Cir.), *cert. denied,* 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155 (1943). In addition, the District argues that it has satisfied its obligation under *Massie I, supra,* since the Massies have been given a tax deed. Despite the fact that they did not appeal the trial court's judgment which resulted in our decision in *Massie I,* the Jacobs contend that because they never received a *Mennonite* notice as to the Massies' rights, as opposed to notice of the District's rights which they did receive, their interest as a lienholder must be considered before this matter can be resolved.

■ While we understand the trial court's desire to carry out only the specific

mandate of *Massie I, supra,* we conclude that the court interpreted that mandate too narrowly. Although the Massies are entitled to the tax deed for the Shannon Place property, which they have now received, the respective rights of the Massies and the Jacobs still must be addressed. Consequently, we are constrained to remand this matter to the trial court for further proceedings.

*So ordered.*